IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                          PLAINTIFF

        v.                        Civil No. 4:12-cv-04100

MARTY BRAZELL; and
ERICA CALLWOOD                                                                                        DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Don Lewis filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Neither party requested a jury trial in this matter.

Currently before the Court are Separate Defendants' Motions for Summary Judgment. ECF No. 13 & 18. Plaintiff filed a single Response to both Motions using a Court prepared questionnaire. ECF No. 26.

The events that are the subject of this lawsuit occurred while Plaintiff was housed in the Miller County Detention Center ("MCDC"). Plaintiff claims in his Complaint that Defendants violated his constitutional rights by the illegal seizure of his deoxyribonucleic ("DNA") and failing to return his original grievances. Specifically, Plaintiff claims Defendant Callwood—a nurse employed by Correctional Healthcare Company and working at the MCDC—unlawfully collected a DNA sample from him on May 10, 2012 while he was a pretrial detainee at the MCDC. Plaintiff also claims Defendant Brazell—warden at the MCDC—ordered Defendant Callwood to unlawfully

collect Plaintiff's DNA and failed to return Plaintiff's original grievance forms to him.

Defendant Callwood argues in her Motion for Summary Judgment: (1) she is not civilly liable to Plaintiff because her actions complied with Arkansas Code Annotated section 12-12-1006; and (2) her actions were reasonable under the Eighth Circuit Court of Appeals "Reasonableness" standard relating to search and seizures under the Fourth Amendment.

Defendant Brazell argues in his Motion for Summary Judgment (1) Plaintiff failed to state a cognizable claim regarding his grievances; (2) Defendant Brazell cannot be held liable under a theory of *respondeat superior*; and (3) even if Defendant Brazell did order the collection of Plaintiff's DNA, his actions were reasonable under the Eighth Circuit's "Reasonableness" standard relating to search and seizures under the Fourth Amendment.

Plaintiff's claim regarding his DNA is construed as a Fourth Amendment claim against an unlawful search and seizure. The United States Supreme Court recently issued an opinion, *Maryland v. King*, __ U.S. __, 133 S.Ct. 1958 (2013), addressing the issue of whether taking and analyzing a cheek swab of an arrestee's DNA, after an arrest for a serious offense supported by probably cause, is a reasonable search under the Fourth Amendment. The Court finds this precedent likely applies to the issues presented in the instant case and before the court on Separate Defendants' Motions for Summary Judgment. Therefore, the Court would benefit from the inclusion of an analysis on the Supreme Court's decision in *Maryland v. King* within Separate Defendants' Motions for Summary Judgment.

Accordingly, I recommend Separate Defendants' Motions for Summary Judgment (ECF Nos. 13 & 18) be **DENIED** at this time in order for Separate Defendants to incorporate an analysis of *Maryland v. King* into their summary judgment briefing. A new deadline for such Motions for

Summary Judgment and briefing shall be set by separate order.

Both Defendant Brazell and Defendant Callwood also argue in their Motions that they cannot be held civilly liable because their actions complied with Arkansas law authorizing the collection of DNA from arrestees.  Therefore, I further recommend the parties be **DIRECTED** to address the issue of whether this Court should certify a question to the Arkansas Supreme Court requesting construction of Arkansas Code Annotated section 12-12-1006 as it applies to the instant set of facts.  Specifically, whether section 12-12-1006 authorizes the taking of an arrestees' DNA sixteen (16) days after he has been arrested and booked into a detention facility.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **5th day of September 2013.**

        /s/ Barry A. Bryant  
        HON. BARRY A. BRYANT  
        UNITED STATES MAGISTRATE JUDGE