IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                           PLAINTIFF

VS.                                           CASE NO. 4:12-4100

MARTY BRAZELL and
ERICA CALLWOOD                                                                                     DEFENDANTS

**<u>ORDER</u>**

Before the Court is the Report and Recommendation filed on September 5, 2013 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 27). Judge Bryant recommends that the Defendants' Motions for Summary Judgment (ECF Nos. 13 & 18) be denied. Separate Defendant Marty Brazell has filed objections to the Report and Recommendation. (ECF No. 28). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff's Complaint alleges that Defendants violated his constitutional rights by illegally seizing his deoxyribonucleic ("DNA") and by failing to return to Plaintiff his original grievance forms. In light of a very recent Supreme Court opinion[1] addressing the Fourth Amendment implications of seizing an arrestee's DNA under circumstances similar to this case, Judge Bryant recommends denial of the motions for summary judgment so that the parties may submit updated motions that directly address these recent legal developments. Judge Bryant also found that further briefing was needed to address whether this Court should certify a question to the Arkansas Supreme Court regarding the construction of Ark. Code Ann. § 12-12-1006–specifically, whether the statute authorizes the taking of an arrestee's DNA sixteen days after he has been arrested and booked into

---

[1]*Maryland v. King*, __ U.S. __, 133 S.Ct. 1958 (2013).

a detention facility.

Separate Defendant Brazell admits that the Supreme Court's recent opinion in *Maryland v. King* is instructive on the issue of whether the taking of Plaintiff's DNA was constitutional. Nonetheless, he maintains that Judge Bryant could have–and should have–addressed his arguments regarding Plaintiff's grievance form claims and his arguments regarding his lack of involvement in collecting Plaintiff's DNA. The Court disagrees. Judge Bryant correctly concluded that the motions for summary judgment will be more efficiently considered if the parties are required to file new motions that fully address each of Plaintiff's claims and the applicable law. While Defendant Brazell might have alternative arguments that do not rely on the application of *Maryland v. King*, the Court cannot overlook its existence. A more in-depth analysis of its application, alongside Defendant's alternative arguments, is necessary.

The Court overrules Separate Defendant Brazell's objections and adopts Judge Bryant's Report and Recommendation. (ECF No. 27). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Separate Defendants' Motions for Summary Judgment (ECF No. 13 & 18) are **DENIED**. A new deadline for filing further motions for summary judgment shall be set by separate order.

IT IS SO ORDERED, this 18th day of September, 2013.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge