IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                          PLAINTIFF

v.                                                Civil No. 4:12-cv-4100

MARTY BRAZELL; and
ERICA CALLWOOD                                                                                       DEFENDANTS


DON EARL LEWIS                                                                                          PLAINTIFF

v.                                                Civil No. 4:12-cv-4139

STEPHEN WARD                                                                                          DEFENDANT

## **ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees. ECF No. 112. Defendants Stephen Ward and Erica Callwood each filed separate responses in opposition to Plaintiff's motion. ECF No. 113 and ECF No. 114. Plaintiff filed a Reply to the Defendants' Responses. ECF No. 116. The Court finds this matter ripe for its consideration.

Plaintiff sued Defendants for violation of his Fourth Amendment rights based on an unreasonable search and collection of his deoxyribonucleic (DNA) while incarcerated at the Miller County Detention Center. By order dated June 16, 2015, the Court appointed Cory Floyd as counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). On September 28, 2015, the Court published its Findings of Fact and Conclusions of Law. ECF No. 109. On the same day, Judgment was entered against Defendant Stephen Ward and Defendant Erica Callwood awarding Plaintiff $1.00 against each Defendant. ECF No. 110.

Mr. Floyd submitted an affidavit stating he and his firm had performed 69.4 hours of work in connection with the representation of Plaintiff at the rate of $250.00 per hour totaling $17,350.00. ECF No. 112-1. Although Mr. Floyd has not provided a time sheet itemizing any of the time he spent on Plaintiff's case he is willing to reduce his fees by 20% to $13,880.00. ECF No. 112.

When a lawsuit is commenced by an inmate concerning an event that occurred during his incarceration, the suit is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA applies to all lawsuits filed by prisoners, not just those that challenge prison conditions. *Jackson v. State Board of Pardons and Paroles*, 331 F.3d 790 (11th Cir. 2003). When a prisoner secures a monetary judgment in a civil action covered by the PLRA, 42 U.S.C. §1997e(d)(2) imposes a cap on attorney's fees in an amount of 150% of the amount of a judgment. *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001).

The majority of circuits, including the Eighth Circuit, have held that the PLRA cap on attorney's fees is constitutional. *Foulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001); *Walker v. Bain*, 257 F.3d 660 (6th Cir. 2001); *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999); *Collins v. Montgomery County Bd. Of Prison Inspectors*, 176 F.3d 679, 686 (3d Cir. 1999) (en banc) (per an equally divided court), *cert. denied*, 528 U.S. 1115 (2000). In *Foulk*, the plaintiff was awarded a nominal judgment in the amount of $1.00. The District Court awarded the plaintiff $12,048.60 in attorney's fees. The Eighth Circuit reversed and held that plaintiff was entitled to no more than $1.50 in attorney's fees under the PLRA.

Plaintiff did not receive any non-monetary relief in the Judgment entered in this case. Because 42 U.S.C. §1997e(d)(2) imposes a cap on attorney's fees in an amount of 150% of the amount of a monetary judgment, the Court's ability to award attorney's fees is limited. Accordingly, Plaintiff's Motion for Attorney's Fees (ECF No. 112) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $1.50 from each Defendant, Stephen Ward and Erica Callwood.

**IT IS SO ORDERED** this 22nd day of March 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge